CHARLES FORMAN, *Appellant,* v. ADGER M. PACE AND JOHNNIE PACE, HIS WIFE, L. A. WOLFF AND R. P. PACE, *Appellees.*

Division B.

Opinion Filed March 27th, 1926.

*S. D. Clarke,* for Appellant;

*M. C. Whitehurst,* for Appellees.

PER CURIAM.—In a suit by Foreman against Adger M. Pace and Johnnie Pace to enforce a mortgage lien, L. A. Wolff and R. P. Pace were also made parties defendant.

The following stipulation was entered into: ''It is hereby stipulated and agreed by counsel for the respective parties herein, to-wit: Charles Forman, complainant, and L .A. Wolff, defendant, that the facts in this suit and upon which the court shall render its decision herein are as follows: That on the 16th day of October, A. D. 1919, Adger M. Pace one of the defendants herein procured from complainant Charles Forman a loan in the sum of $6500.00 which said sum was to be applied and paid to W. B. Bishop on account of the purchase price on the following described lands mentioned in complainant's said bill as situate in Jefferson County, Florida, and described as follows: The North Half of Section Twenty; and all that portion of the East Half of the Northeast Quarter of Section Nineteen lying East of the Public Road, all of said lands being in Township One (1) South of Range Four (4) East, and containing in the aggregate 396 acres more or less; that immediately prior to said 16th day of October, 1919, the said lands were owned and held by the said W. B. Bishop; that the said W. B. Bishop at all times was actually present and was instrumental and aided and assisted the said Adger M. Pace in negotiating the said loan of $6500.00 for complainant, and was acquainted with every detail in connection with said loan; that on the said 16th day of October, 1919, the said Adger M. Pace and his wife Johnnie Pace executed to said complainant Charles Forman their promissory notes for the principal sum of $6500.00 and also their 10 interest notes as mentioned and alleged in complainant's said bill, and on the same day and same time said Adger M. Pace and his said wife executed and delivered to said complainant Charles Forman their deed of mortgage covering the above

described lands to secure the payment of said principal notes for the said sum of $6500.00 and the interest thereon represented by said interest notes maturing as mentioned in complainant's said bill in this cause; that the said mortgage was afterwards on to-wit the 25th day of October, 1919, duly filed for record and properly recorded according to law in the office of the Clerk of Circuit Court of said County of Jefferson as shown by certificate of record on said mortgage appended to the bill of complaint in this cause; that said mortgage was in all respects duly and legally executed and acknowledged by the said defendants Adger M. Pace and wife Johnnie Pace; that the proceeds from the said loan of $6500.00 was actually, and by direction of said Adger M. Pace, paid over by said complainant Charles Forman to said W. B. Bishop, and under agreement and understanding between the parties applied on the purchase price for the above described lands from said Bishop to said Adger M. Pace; that subsequently on the 30th day of October, 1919, the said W. B. Bishop joined by his wife Edna Bishop, by warranty deed conveyed to the said defendant Adger M. Pace the said 396 acres of land described, which said deed was on said 30th day of October, 1919, duly recorded in said Clerk's Office of said County of Jefferson; that notwithstanding complainant's said said mortgage was dated October 16th, 1919, and said loan closed on said date, and the deed conveying said lands from said W. B. Bishop and wife, was not made and recorded until October 30th, 1919, it was expressly agreed and stipulated between the said W. B. Bishop, the said Adger M. Pace and the complainant on said 16th day of October, 1919, at time of closing said loan, that said transfer of said lands should be considered as actually made and consummated on said 16th day of October, 1919, for all

intents and purposes, and the said Adger M. Pace was let into the possession of said lands on the said 16th day of October, 1919, after he and his wife Johnnie Pace had executed and delivered to complainant their notes and mortgage above mentioned, and complainant had paid over to the said W. B .Bishop the said sum of $6500.00 represented by said loan. That on the said 30th day of October, 1919, the said Adger M. Pace being further indebted to said W. B. Bishop in the sum of $3000.00 for the remaining balance due from the purchase price for said lands, the said Adger M. Pace and his wife executed and delivered to said W. B. Bishop their other mortgage over said lands securing the payment of principal sum of $3000.00 as represented by certain notes maturing as mentioned and set out in the answer of said L. A. Wolff filed herein; which said last mentioned mortgage was duly executed and acknowledged and subsequently, on to-wit, the 5th day of November, 1919, duly recorded in the public records of said county of Jefferson. That it was expressly understood and agreed between the said W. B. Bishop, Adger M. Pace and complainant, that complainant's said mortgage for the principal sum of $6500.00 mentioned herein and in said bill of complaint, should be held, treated and considered as a first or prior lien or mortgage over said lands and the said mortgage for $3000.00 herein mentioned in favor of said W. B. Bishop should be held, treated and considered as inferior and subordinate to the lien of complainant's said $6500.00 mortgage, and expressly subject thereto; that in neither of said mortgages is it specified on the face thereof that said indebtedness was incurred for the purchase price for said lands; but the said sum of $6500.00 was actually paid by complainant to said W. B. Bishop as hereinbefore set forth and accepted by said W. B. Bishop as payment

pro tanto on account of the purchase price for said lands, and the said mortgage and notes for $3000.00 as above mentioned was executed and accepted and represented the balance due said W. B. Bishop by said Adger M. Pace for the balance due for the purchase price of said lands that the said W. B. Bishop at time of execution and acceptance by him of said mortgage for $3000.00 well knew and had actual notice and knowledge of complainant's said mortgage for $6500.00 and knew that same was prior thereto duly recorded in public records of said county of Jefferson. That afterwards, on the 17th day of September, 1921, the said W. B. Bishop in consideration of the sum of $800.00, sold, transferred and assigned the said notes and mortgage for $3000.00 to J. F. Hagan, but the said J. F. Hagan at the time thereof was expressly notified and advised by the said W. B. Bishop that the said $3000.00 mortgage was a second mortgage and inferior and subordinate to complainant's first mortgage for $6500.00 above herein mentioned, and same was accepted by said J. F. Hagan with such notice and knowledge; that afterwards, to-wit, the 15th day of October, 1921, for value and before maturity of the notes, the said J. F. Hagan sold, assigned and transferred the said notes and mortgages for $3000.00 to one George Martin, who was not advised by the said J. F. Hagan that same was a second mortgage and subordinate to the $6500.00 mortgage of complainant; that on the 8th day of February, 1922, and after maturity of first of said notes, and for value, the said George Martin sold, assigned and transferred said notes and mortgage for $3000.00 to one W. T. Connell, who was likewise not advised that same was subject to complainant's said $6500.00 mortgage; that afterwards, to-wit, the 16th day of February, 1922, for value and before maturity of the two last notes, the said W. T. Connell sold, transferred and assigned the said notes and

mortgage for $3000.00 to defendant L. A. Wolff, and the said W. T. Connell expressly advised the said L. A. Wolff that the said mortgage was a purchase money mortgage and prior to any and all other mortgages and liens whatever, and that the said L. A. Wolff before purchasing the said mortgage from the said W. T. Connell made a diligent inquiry as to the nature and priority of the said purchase money mortgage and the mortgage of the said Charles Forman as aforesaid and was advised from every source of inquiry that the said purchase money mortgage was a prior and superior mortgage and lien on said lands; that the said L. A. Wolff was bona fide purchaser of said purchase money mortgage and took the same only after a diligent inquiry as to its nature and priority. That the mortgagors in both the mortgage to the said Charles Forman and to the said L. A. Wolff are now in default and that each of said mortgagees have an option under their respective mortgages by which upon default the entire amount may be declared due and payable and each of said mortgagees have elected so to do.

"It is further stipulated and agreed that the facts as above outlined are the facts as actually transpired in said cause and upon which the court shall determine the priority of said respective mortgages. That any and all irregularities in the proceedings heretofore made are hereby waived and the court requested to proceed to a determination of said cause.

The final decree contains the following:

"The court further finds that on the 16th day of October, A. D. 1919, the complainant Charles Forman loaned to the defendant Adger M. Pace the sum of Sixty-five hundred ($6500.00) Dollars to be applied on the purchase price of the lands hereinafter described, and that the said Adger M. Pace joined by his wife on the said 16th day of

October, 1919, executed and delivered to the said Charles Forman their promissory notes for the principal sum of sixty-five hundred ($6500.00) Dollars, and also their ten per cent interest notes in the sum of thirty-three hundred and ninety-eight dollars and 33/100 ($3398.33), and to secure the full, true and prompt payment of said notes the said Adger M. Pace and wife Johnnie Pace executed and delivered to the said Charles Forman their mortgage deed on the following described property, to-wit:

"The N 1/2 Section 20, and all that portion of the W 1/2 of the NE 1/4 of Section 19 lying east of the public road, known as the Newport Road, all of said lands being in Township One (1) South, Range Four (4) East, and containing in the aggregate three hundred and ninety-six acres, more or less.

"That said mortgage was later and to-wit on the 26th day of October, 1919, duly filed for record and properly recorded in the office of the Clerk of the Circuit Court for Jefferson County; that the proceeds from said loan of sixty-five hundred ($6500.00) Dollars, and also their ten direction of said Adger M. Pace paid over by said complainant Charles Forman to one W. B. Bishop, from whom the said Adger M. Pace purchased the aforesaid land under a verbal agreement and understanding between the said parties applied on the purchase price for the above described lands by the said Bishop.

"That subsequently on the 30th day of October, 1919, the said W. B. Bishop joined by his wife Edna Bishop, by warranty deed conveyed to the said defendant Adger M. Pace, the said three hundred and ninety six (396) acres of land above described which said deed was on the said 30th day of October, 1919, duly recorded in the said Clerk's Office of said County of Jefferson. That notwithstanding

complainant's said mortgage dated October 16, 1919, and said loan closed on said date, and deed conveying said lands from said W. B. Bishop and wife was not made and recorded until October 30, 1919, it was expressly agreed and stipulated between W. B. Bishop and said Adger M. Pace, complainants, on said 16th day of October, 1919, at the time of closing said loan that said transfer of said lands should be considered as actually made and consummated on said 16th day of October, 1919, for all intents and purposes and the said Adger M. Pace was let into the possession of said lands on said 16th day of October, 1919, after he and his wife, Johnnie Pace, had executed and delivered to the complainant their notes and mortgage above mentioned, and the complainant had paid over to the said W. B. Bishop the sum of sixty-five hundred ($6500.00) dollars, represented by said loan.

"That on the said 30th day of October, 1919, the said Adger M. Pace being further indebted to said W. B. Bishop in the sum of three thousand dollars ($3000.00) for the balance remaining due on the purchase price for said lands, so sold and conveyed by the said W. B. Bishop to the said Adger M. Pace, the said Adger M. Pace and his wife Johnnie Pace, executed and delivered to the said W. B. Bishop their other mortgage over said lands securing the payment of the principal sum of three thousand ($3000.00) dollars, which said mortgage was duly executed and acknowledged, and subsequently, on to-wit, the 5th day of November 1919, duly recorded in the public records of said Jefferson County, Florida.

"The court further finds that it was expressly understood and agreed by the said W. B. Bishop and Adger M. Pace, the complainant, that the said complainant's mortgage should be held, treated and considered as a first or prior lien or mortgage on said lands. That said mortgage for

three thousand ($3000.00) dollars above mentioned in favor of said W. B. Bishop should be held, treated and considered as inferior and subordinate to the lien of complainant's said mortgage and expressly subject thereto. That in neither of said mortgages was it specified on the face thereof that said indebtedness was incurred for the purchase price of said lands but the said sum of sixty-five hundred ($6500.00) dollars was actually paid by complainant to said W. B. Bishop as heretofore set out and accepted by W. B. Bishop as payment pro tanto on account of purchase price of said lands, and the said mortgage and notes for three thousand ($3000.00) dollars as above mentioned was executed and accepted and represented the balance due the said W. B. Bishop by said Adger M. Pace for the balance due on the purchase price of said lands, and the said W. B. Bishop at the time of execution and acceptance by him of said mortgage of three thousand ($3000.00) dollars well knew and had actual notice and knowledge of complainant's said mortgage for sixty-five hundred ($6500.00) dollars, and knew that same was prior thereto, duly recorded in the public records of said county of Jefferson.

''That subsequent to said date, the said W. B. Bishop for the consideration of the sum of eight hundred ($800.00) dollars, sold, transferred and assigned said notes and mortgage for three thousand ($3000.00) dollars to one J. F. Hagan, but that said J. F. Hagan at the time thereof, was expressly notified and advised by said W. B. Bishop that said three thousand ($3,000.00) dollars mortgage was a second mortgage and inferior and subordinate to the complainant's mortgage for sixty-five hundred ($6500.00) dollars as aforesaid, and same was accepted by said J. F. Hagan with such notice and knowledge.

''That subsequently thereto and for value and before

maturity of the notes, said J. F. Hagan sold, assigned and transferred said notes and mortgage for three thousand ($3,000.00) dolars to one George Martin, who was advised by said J. F. Hagan that said mortgage was a second mortgage and subordinate to the said mortgage of complainant, that subsequently and after maturity of the first of said notes, same being for the sum of one thousand ($1,000.00) dollars and for value, said George Martin sold, assigned and transferred said notes and mortgage for three thousand ($3,000.00) dollars, aforesaid, to one W. T. Connell, who was likewise not advised that same was subject to complainant's sixty-five hundred ($6500.00) dollar mortgage.

"That afterwards, on to-wit, the 16th day of February, 1922, for value and before maturity of the two last notes same being for the sums of fifteen hundred ($1500.00) dollars and five hundred ($500.00) dollars respectively, the said W. T. Connell sold, transferred and assigned said notes and mortgages for three thousand ($3000.00) dollars to the defendant L. A. Wolff, and the said W. T. Connell expressly advised the said L. A. Wolff that said mortgage was a purchase money mortgage and was prior to any and all other mortgages and liens whatever and that said L. A. Wolff before purchasing said mortgage from W. T. Connell, made diligent inquiry as to the nature and priority of said purchase money mortgage, and the mortgage of said Charles Forman as aforesaid and was advised from every source of inquiry that said purchase money mortgage was a prior and superior mortgage and lien on said lands, That said L. A. Wolff was a bona fide purchaser of said purchase money mortgage and took the same only after diligent inquiry as to its nature and priority, that the mortgagors in both mortgages to the said Charles Forman and to the said L. A. Wolff are now in default, that each of said mort-

gages have an option under their respective mortgages by which upon default the entire amount may be declared due and payable and each of said mortgagees have elected so to do.

"Third: The court further finds that the said defendant L. A. Wolff, being a bona fide purchaser of two of said notes, one being in the sum of fifteen hundred ($1500.00) dollars and the other in the sum of five hundred ($500.00) dollars, and having taken the same in due course for value and before maturity now holds the same free from any equities existing between the original parties and is protected against all latent or secret equities between the said W. B. Bishop and the said complainant, Charles Forman.

"The court therefore is of the opinion that to the extent of said Two thousand ($2,000.00) dollars with interest thereon, the said defendant, L. A. Wolff, has a prior and superior mortgage and lien on the mortgaged premises above described, and to such extent is entitled to a satisfaction out of said mortgaged premises prior to the satisfaction of the mortgage of the said Charles Forman."

The stipulation that Wolff "before purchasing the said mortgage from the said W. T. Connell made a diligent enquiry as to the nature and priority of the said purchase money mortgage and the mortgage of the said Charles Forman as aforesaid and was advised from every source of enquiry that the said purchase money mortgage was a prior and superior mortgage and lien on said lands," is indefinite as to the nature and extent of the "diligent enquiry" made and as to the "sources" from which he was "advised" that the mortgage he purchased "was a prior and superior mortgage and lien on said lands." The mortgage to Forman dated October 16, 1919, and recorded October 25, 1919, was record notice to Wolff, and as the mort-

gage he purchased was dated October 30, 1919, and recorded November 5, 1919, it was encumbent upon Wolff to make enquiry of the owner of the Forman mortgage, particularly as one of the mortgage notes purchased by Wolff was past due and unpaid. By enquiry of Forman, or of Bishop who was the mortgagee and payee of the notes, or of those in privity with Forman and Bishop, Wolff could have been fully advised as to the real purpose and status of the two mortgagees; and the dates and records of the conveyance by Bishop to Pace, and of the two mortgages reasonably required a proposed purchaser of the Bishop mortgage to make such enquiries. The statements of fact contained in the stipulation taken in connection with the entire record do not in equity show that Wolff as to the notes taken before maturity, "has a prior and superior mortgage and lien on the mortgaged premises."

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., concurs in the Opinion.